Leslie Joy Mintz, MD
1072 Casitas Pass Road
Carpinteria, CA. 93013
(805) 280-6386
ciriusproblem@icloud.com

FILED
CLERK, U.S. DISTRICT COURT
9/26/24
CENTRAL DISTRICT OF CALIFORNIA
BY MRV DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

9/26/2024

Edward R. Roybal Federal Courthouse
255 East Temple Street
Los Angeles, CA 90012

RE: Opposition to Defendants Motion to Dismiss with Prejudice - Mintz v. Northwestern Mutual Life

Case No.: 2:24-cv-05494 MRA (MAAx)

Honorable Magistrate Monica Ramirez Almadani:

I, Leslie Joy Mintz, MD, am the plaintiff in the above referenced case. I respectfully submit this Opposition to Defendant Northwestern Mutual Life Insurance Company's Motion to Dismiss with Prejudice.

## I. Introduction

This case involves several serious claims against Northwestern Mutual Life Insurance Company (hereafter, NML) arising from Breach of Contract, Denial of Benefits, and Fraud under the terms of the Disability Policy purchased in 1991 and rewritten in 1993. As a pro se litigant, Plaintiff has filed this lawsuit seeking to prove Fraudulent and Misleading communication, Breach of Contract and hold the Defendant accountable for its actions, or lack thereof. The Defendant has moved to Dismiss this case with Prejudice, a motion which is not only premature, but unfounded, given the allegations that will be presented.

## II. Standard for Dismissal with Prejudice

Dismissal with prejudice is an extreme sanction that should be reserved for cases when it is clear that the plaintiff cannot prevail under any set of facts presented. The Courts have consistently held that pro se litigants are entitled to a more lenient standard in their pleadings. Dismissal with Prejudice should be the last resort when no other options exist to cure any perceived deficiencies.

III. Argument

A. The Complaint Adequately States a Claim for Relief

As a pro se litigant, Plaintiff is entitled to have pleadings interpreted broadly. The Complaint, when viewed in this light, attempts to state a claim upon which relief can be granted. Plaintiff has alleged that Northwestern Mutual failed to honor the contractual obligations, as evidenced by refusing to pay Plaintiff at a rate commensurate with her extensive surgical training as an Orthopedic Surgeon with dual Fellowship training in Pediatric Orthopedics and Spine Surgery. According to Northwestern Mutual, her rating was "4+", and in 1993, while an attending physician at what is now the Mayo Clinic Orthopedic Residency Program, she was paid $10,000/month. Her attempt to start a solo surgical practice in partnership with Dr. Jack Mayfield had failed the previous year. At the time the Policy was amended in 1993, Plaintiff was told that the maximum annual payments were capped at $300,000/year

Adjusted for inflation, the annual benefits would have been in excess of $600,000/year in 2022, at which time the Policy was terminated.The allegations set forth in the complaint, if proven to be true, would entitle the Plaintiff to compensation, which, given that the Plaintiff, a disabled Orthopedic Surgeon, is currently living below the Poverty line. supporting a paranoid schizophrenic, Stephen David Kilpatrick, who is non compliant with treatment and had assaulted and verbally abused Plaintiff on numerous occasions. Under the liberal pleadings standard applied to pro se litigants, Plaintiffs Complaint meets the requirements to survive a motion to dismiss.

The United States Supreme Court ruled that in *Metropolitan Life Insurance Co. v. Glenn*, 554 U.S. 105 (2008). The Court held that when an insurance company both determines eligibility for benefits and pays those benefits, a conflict of interest exists. This conflict must be weighed as a factor in determining whether the insurance company abused its discretion when denying a claim. The Court emphasized that if the insurer misidentifies or ignores critical medical information when denying benefits, this could be grounds for finding an abuse of discretion.

Respectfully submitted,

Leslie Joy Mintz, MD