UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-05494-MRA-MAA | Date | November 18, 2024 |
| Title | Leslie Joy Mintz v. The Northwestern Mutual Life Insurance Company | | |

| | |
|---|---|
| Present: The Honorable | MÓNICA RAMÍREZ ALMADANI, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Gabriela Garcia | None Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE [ECF 5]**

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint (the "Motion"). ECF 5. The Court read and considered the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b) (providing that the court may determine motions on the briefs, without an oral hearing); L.R. 7-15 (stating that the court may generally "dispense with oral argument on any motion" unless otherwise required). The hearing was therefore vacated and removed from the Court's calendar.[1] ECF 20. For the reasons stated herein, the Court **GRANTS** the Motion without prejudice.

## I. BACKGROUND

Plaintiff Leslie Joy Mintz ("Plaintiff" or "Mintz") filed this case in Santa Barbara County Superior Court on May 23, 2024. ECF 1-1 (Compl.). Defendant The Northwestern Mutual Life Insurance Company ("Defendant" or "Northwestern Mutual") removed the case to federal court on June 28, 2024. ECF 1. In the operative state court Complaint, Mintz alleges two causes of action for (1) breach of contract and (2) fraud. ECF 1-1. Plaintiff alleges the following facts:

Mintz had disability income policies issued by Northwestern Mutual, Policy Nos. D963192

[1] In an October 21, 2024, letter to the Court, Plaintiff advises that she was not informed that the hearing had been taken off calendar. ECF 21. Plaintiff is directed to consult the Court's web page (https://www.cacd.uscourts.gov/e-filing/electronic-filing-and-case-access-people-without-lawyers) for instructions on how to receive automatic email notification whenever a new document is filed in this case. To ensure proper notice and service of process, the Court shall have the Clerk serve this and future Orders on Plaintiff at her last known address, unless and until Plaintiff registers for electronic service.

and D817178 (hereinafter, the "DI Policies"). Compl. ¶ BC-1. Northwestern Mutual "began diminishing the monthly amount paid to Plaintiff for two months, beginning February 2022, and then cancelled the disability insurance policy on or about April 4, 2022." *Id.* ¶ BC-2. At the time of cancellation, Mintz was 65 years old. *Id.* ¶ FR-2.b. She "continued to pay the policy premiums to keep her disability insurance polic[ies] in full force and effect." *Id.* ¶ FR-5. Northwestern Mutual "failed to inform [her] that the disability insurance policy was conditionally renewable to age 75." *Id.* ¶ FR-2. Plaintiff states that she "met all the conditions known to her at the time" and was "not informed that she needed to work full-time for a period of one year prior to cancellation in order to continue the polic[ies] for 10 years." *Id.* ¶ FR-2.b. As a result of cancellation of the DI Policies, Plaintiff "suffered loss of income, housing, durable goods, and her health worsened considerably." *Id.* ¶ FR-6.

## II. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Dismissal is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (per curiam). This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The court "must accept as true all of the allegations contained in a complaint," but is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A *pro se* pleading, however, shall be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); *cf.* Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice."). The court has an obligation to afford the *pro se* complainant "the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

## III. DISCUSSION

### A. Disability Income Policies

"Incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself. The doctrine prevents plaintiffs from selecting only portions of documents that support their claim, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). A document "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Ecological Rts. Found. V. Pac. Gas & Elec. Co.*, 713 F.3d 502, 511 (9th Cir. 2013) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). A complaint "necessarily relies" on a document if "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)).

Here, Plaintiff's Complaint refers to and attaches a copy of portions of the DI Policies. ECF 1-1 ¶ BC-1, Ex. A. Defendants attaches replicas of DI Policies to its Motion to Dismiss. ECF 5-5 (Lenling-Olson Decl.) ¶ 2, Ex.1 (ECF 5-6), Ex. 2 (ECF 5-7). Plaintiff does not raise any objection to the authenticity of the replica DI Policies attached to Defendant's Motion to Dismiss. Nor is there any question that the terms of the DI Policies are central to her claim. Because Plaintiff's Complaint necessarily relies on the DI Policies, the Court incorporates by reference the DI Policies attached to the Motion to Dismiss.

Section 7.8 of the DI Policies, entitled "Termination," states that "if premiums are paid when due, this policy will not terminate until the first policy anniversary following the 65th birthday of the Insured or, if later, when the right to renew policy ends (see Section 3)." ECF 5-6 at 11; ECF 5-7 at 10. The maximum benefit period for the payment of disability benefits ended on April 9, 2022, which corresponds to the policy anniversary following Plaintiff's 65th birthday. ECF 5-6 at 5; ECF 5-7 at 4. Section 3 of the DI Policies, entitled "Conditional Right to Renew to Age 75," states in full:

> On each policy anniversary between the Insured's 65th and 75th birthdays, the Owner may renew this policy for one year if the Insured is actively and gainfully employed on a full-time basis. To renew this policy, the Owner must send a written request to the Company each year. This right to renew ends on the first anniversary on which the Insured is not so employed or on which the Owner chooses not to renew the policy.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-05494-MRA-MAA | Date | November 18, 2024 |
|---|---|---|---|
| Title | Leslie Joy Mintz v. The Northwestern Mutual Life Insurance Company | | |

ECF 1-1 Ex. A. at 6; *see also* ECF 5-6 at 9; ECF 5-7 at 8.

**B. Claim 1: Breach of Contract**

Under California law, "the elements of a cause of action for breach of contract are: "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011) (citation omitted).

Defendant argues that Plaintiff has failed to state a claim for breach of contract because she has not alleged that it breached the terms of the contract. ECF 5-1 at 6. In her Complaint, Plaintiff alleges that Defendant breached the terms of the DI Policies by cancelling the policies on or about April 4, 2022. ECF 1-1 ¶ BC-2. As explained above, the terms of the DI Policies provided for the payment of benefits to April 9, 2022, subject to conditional renewal. Plaintiff does not allege that she exercised this conditional right to renew coverage. Instead, she contends that Defendant did not inform her of her conditional right to renew. However, a court "must hold the insured bound by clear and conspicuous provisions in the policy even if evidence suggests that the insured did not read or understand them." *Sarchett v. Blue Shield of California*, 43 Cal. 3d 1, 15 (1987). To renew the DI Policies, Plaintiff was required to (1) submit a written request and (2) be "actively and gainfully employed on a full-time basis." *E.g.*, ECF 5-6 at 9. Although Plaintiff states that she "met all the conditions known to her at the time to renew coverage," ECF 1-1 ¶ FR-2.b, Plaintiff does not allege that she submitted a written request to renew. Nor does she allege that she was actively and gainfully employed on a full-time basis at the time. Because Plaintiff has not plausibly alleged that Defendant breached the terms of the DI Policies, the Court grants Defendant's Motion as to the breach of contract claim.

**C. Claim 2: Fraud**

To state a fraud claim under California law, a plaintiff must allege: "(1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of the falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004) (citing *Lazar v. Superior Ct.*, 12 Cal. 4th 631, 638 (1996)). In addition, fraud claims are subject to a heightened pleading standard in federal court. Federal Rule of Civil Procedure 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

In her Complaint, Plaintiff alleges that Defendant committed fraud by not informing her of her conditional right provision. ECF 1-1 ¶ FR-2. Yet the relevant provision, Section 3 of the DI Policies, was an express term of the DI Policies and attached to Plaintiff's Complaint. *See* ECF 1-1 ¶ BC-1, Ex. A. The express terms of the DI policies undermine Plaintiff's claim that Defendant did not disclose, concealed, or otherwise misrepresented the conditional right to renew under the DI policies. It appears that Plaintiff had a copy of the DI Policies during the relevant time period. Moreover, Plaintiff does not allege the who, what, when, where, and how of her fraud claim. Because Plaintiff has not plausibly stated a fraud claim against Defendant, the Court grants Defendant's Motion as to the fraud claim.

**D. Leave to Amend**

Federal Rule of Civil Procedure 15(a) provides that, once the deadline for leave to amend as a matter of course has expired, a party may amend its pleading only after obtaining leave of the court or by consent of the adverse party. In general, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). Still, leave is "not to be granted automatically." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (quoting *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990)), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015). A *pro se* complaint shall not be dismissed without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar*, 698 F.3d at 1212 (quoting *Shucker v. Rockwood*, 845 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam)).

Because it is not "absolutely clear" that further amendment would be futile, the Court grants Plaintiff leave to amend. Appreciating the challenges which may come with self-representation, the Court directs Plaintiff to the following resources for guidance:

- General information on how parties may represent themselves in civil cases in the Central District of California can be found at https://prose.cacd.uscourts.gov/.
- Federal Rules of Civil Procedure can be found at https://www.law.cornell.edu/rules/frcp.
- Local Civil Rules for the Central District of California can be found at https://www.cacd.uscourts.gov/court-procedures/local-rules.
- This Court's Civil Standing Order is located at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-05494-MRA-MAA | Date | November 18, 2024 |
| Title | Leslie Joy Mintz v. The Northwestern Mutual Life Insurance Company | | |

https://www.cacd.uscourts.gov/honorable-monica-ramirez-almadani.

- Public Counsel, a non-profit organization, runs a free Federal *Pro Se* Clinic where *pro se* litigants can get information and guidance. The Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, CA 90012. *Pro se* litigants must call or submit an online application to request services as follows: online applications can be submitted at http://prose.cacd.uscourts.gov/los-angeles, or call (213) 385-2977, ext. 270.

- Public Counsel also has extensive resources for *pro se* litigants at its website located at https://publiccounsel.org/services/federal-court/.

- The LA Law Library, located across the street from the First Street Courthouse at 301 W. First Street, Los Angeles, CA 90012, also has extensive resources for *pro se* litigants. The LA Law Library can be reached via email at reference@lalawlibray.org, or via telephone at (213) 785-2513.

## IV. CONCLUSION

For the foregoing reasons, the Motion to Dismiss is **GRANTED** with leave to amend. The Court further **ORDERS** as follows:

1. Plaintiff shall file an amended complaint no later than 30 days from the date of this Order. Plaintiff may request additional time to file an amended complaint for good cause shown.

2. The Clerk shall cause a copy of this Order to be served on Plaintiff at her last known address. *See* Fed. R. Civ. P. 5(b)(2)(C).

**IT IS SO ORDERED.**

- : -

Initials of Deputy Clerk gga