UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-05494-MRA-MAA | Date | March 12, 2025 |
| Title | Leslie Joy Mintz v. The Northwestern Mutual Life Insurance Company | | |

| | |
|---|---|
| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Gabriela Garcia | None Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO DISMISS THE FIRST AMENDED COMPLAINT WITH PREJUDICE [ECF 43]**

Before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (the "Motion"). ECF 5. The Court read and considered the Motion and held a hearing on March 10, 2025. ECF 47. For the reasons stated herein, the Court **GRANTS** the Motion **with leave to amend**.

## I. BACKGROUND[1]

Plaintiff Leslie Joy Mintz ("Plaintiff" or "Mintz") filed this case in Santa Barbara County Superior Court on May 23, 2024. ECF 1-1 (Compl.). Defendant The Northwestern Mutual Life Insurance Company ("Defendant" or "Northwestern Mutual") removed the action to federal court on June 28, 2024. ECF 1.

Mintz had disability income policies issued by Northwestern Mutual, Policy Nos. D963192 and D817178 (hereinafter, the "DI Policies"). Compl. ¶ BC-1. Northwestern Mutual "began diminishing the monthly amount paid to Plaintiff for two months, beginning February 2022, and then cancelled the disability insurance policy on or about April 4, 2022." *Id.* ¶ BC-2. At the time of cancellation, Mintz was 65 years old. *Id.* ¶ FR-2(b). She "continued to pay the policy premiums to keep her disability insurance polic[ies] in full force and effect." *Id.* ¶ FR-5.

[1] When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court is required to presume that all well-pleaded allegations are true, resolve all reasonable doubts and inferences in the pleader's favor, and view the pleading in the light most favorable to the non-moving party. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). As such, the factual background is described as alleged in Plaintiff's Complaint and First Amended Complaint ("FAC").

Northwestern Mutual "failed to inform [her] that the disability insurance policy was conditionally renewable to age 75." *Id.* ¶ FR-2. Plaintiff stated that she "met all the conditions known to her at the time" and was "not informed that she needed to work full-time for a period of one year prior to cancellation in order to continue the polic[ies] for 10 years." *Id.* ¶ FR-2(b). As a result of cancellation of the DI Policies, Plaintiff "suffered loss of income, housing, durable goods, and her health worsened considerably." *Id.* ¶ FR-6. On these allegations, Plaintiff's Complaint stated claims for breach of contract and fraud. Defendant moved to dismiss the Complaint on July 3, 2024. ECF 5. Plaintiff opposed. ECF 16. On November 18, 2024, the Court granted Defendant's Motion to Dismiss the Complaint without prejudice. ECF 27. The Court held that Plaintiff had not alleged that Northwestern breached the terms of the DI Policies and "[did] not allege the who, what, when were, and how of her fraud claim." *Id.* at 4.

On January 7, 2025, Plaintiff filed a First Amended Complaint ("FAC").[2] ECF 35 (FAC). The FAC appears to improperly request that the Court grant summary judgment in favor of Plaintiff even though the threshold issue before the Court is whether the case itself can continue or must be dismissed. The FAC does not identify any causes of action against Defendant or add any new material factual allegations in support of the previously alleged claims. Defendant filed the instant Motion to Dismiss the FAC on January 21, 2025. ECF 43. Plaintiff did not file an opposition but explained at the hearing that this was due to certain personal circumstances.[3] Defendant filed a Reply on February 21, 2025, noting simply that Plaintiff failed to oppose the Motion.

## II. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." As explained at the hearing, dismissal is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.

---

[2] Plaintiff filed the same pleading document twice. ECF 35, 36. The Court deemed the earlier-filed document the operative FAC and struck the later-filed document. ECF 38.

[3] In general, a plaintiff's failure to file an opposition can be deemed consent to the granting a motion. *See* L.R. 7-12. Given the sensitive personal reasons proffered by Plaintiff at the hearing, the Court does not so construe Plaintiff's failure to file an opposition here.

662, 678 (2009) (per curiam). This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The court "must accept as true all of the allegations contained in a complaint," but it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A *pro se* pleading, however, shall be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); *cf.* Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice."). The court has an obligation to afford the *pro se* complainant "the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

## III. DISCUSSION

### A. Claim 1: Breach of Contract

The Court previously found that Plaintiff incorporated the DI Policies by reference in her initial Complaint. ECF 27 at 3. The DI Policies are incorporated by reference in Plaintiff's FAC. *See* FAC at 3; *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) ("Incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself. The doctrine prevents plaintiffs from selecting only portions of documents that support their claim, while omitting portions of those very documents that weaken—or doom—their claims.").

Section 7.8 of the DI Policies, entitled "Termination," states that "if premiums are paid when due, this policy will not terminate until the first policy anniversary following the 65th birthday of the Insured or, if later, when the right to renew policy ends (see Section 3)." ECF 43-2 (Shea Decl.) ¶ 4, Ex. B (ECF 43-4) at 19, 49. The maximum benefit period for the payment of disability benefits ended on April 9, 2022, which corresponds to the policy anniversary following Plaintiff's 65th birthday. ECF 43-4 at 13, 43. Section 3 of the DI Policies, entitled "Conditional Right to Renew to Age 75," states in full:

> On each policy anniversary between the Insured's 65th and 75th birthdays, the Owner may renew this policy for one year if the Insured is actively and gainfully employed on a full-time basis. To renew this policy, the Owner must send a written request to the Company each year. This right to renew ends on the first anniversary

> on which the Insured is not so employed or on which the Owner chooses not to renew the policy.

*Id.* at 17, 47.

The FAC does not allege that Plaintiff met either of the conditions to renew the DI Policies. The Court previously found that the initial Complaint failed to allege that Plaintiff submitted a written request to renew the DI Policies or that she was actively and gainfully employed on a full-time basis at the time. ECF 27 at 4. Nothing in the FAC alters these conclusions. In fact, Plaintiff concedes in the FAC that she "was psychologically and physically unable to meet the full time work requirements." FAC at 3. She also acknowledges that "[s]he was fully aware of the requirements for full time employment prior to termination of the contract at age . . . 65 in order to continue benefits." *Id.* at 16. Nevertheless, she contends that "[t]he requirement for extension of disability benefits was psychologically and physically destructive as plaintiff was never deemed suitable to work as a physician or even as a maid[.]" *Id.* at 19. Yet she was medically cleared to work. *Id.*

Plaintiff newly contends that "[t]he signatures on the 'copies' of the Policy appear to be forged, and the dates are clearly incorrect and do not comport with plaintiff's recollection of the policy and/or Disability Analyst interactions. There is no requirement for a 'letter' to request continuance of disability payments[.]" FAC at 4. Yet Plaintiff does not allege any facts to support her allegations of forgery, and her recollection of the policy terms are controverted by the written DI Policies, which explicitly state the conditions for renewal. Plaintiff maintains that she was not informed of the renewal conditions. Compl. ¶ FR-2; FAC at 4. However, as the Court previously ruled, "a court 'must hold the insured bound by clear and conspicuous provisions in the policy even if evidence suggests that the insured did not read or understand them.'" ECF 27 at 4 (quoting *Sarchett v. Blue Shield of California*, 43 Cal. 3d 1, 15 (1987)).

The terms of the DI Policies speak for themselves. Based on Plaintiff's allegations in her Complaint and FAC, it is clear that she received the maximum benefits to which she was entitled under the DI Policies and that Northwestern complied with the policy terms. Accordingly, the Court **GRANTS** Defendant's Motion as to the breach of contract claim.

### B. Claim 2: Fraud

The Court previously set forth the legal standard for stating a fraud claim as follows:

> To state a fraud claim under California law, a plaintiff must allege: "(1) a misrepresentation (false representation, concealment, or nondisclosure); (2)

> knowledge of the falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004) (citing *Lazar v. Superior Ct.*, 12 Cal. 4th 631, 638 (1996)). In addition, fraud claims are subject to a heightened pleading standard in federal court. Federal Rule of Civil Procedure 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

ECF 27 at 4. The Court previously held that "[t]he express terms of the DI Policies undermine Plaintiff's claim that Defendant did not disclose, concealed, or otherwise misrepresented the conditional right to renew under the DI Policies." *Id.* at 4.

Like the Complaint, the FAC is devoid of any allegations in support of Plaintiff's fraud claim. As explained above, Plaintiff does not offer sufficient factual support for her allegations that the DI Policies were the products of forgery, nor does she identify any other factual basis for her fraud claim. Accordingly, the Court **GRANTS** Defendant's Motion as to Plaintiff's fraud claim.

### C. Leave to Amend

Federal Rule of Civil Procedure 15(a) provides that, once the deadline for leave to amend as a matter of course has expired, a party may amend its pleading only after obtaining leave of the court or by consent of the adverse party. In general, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). Still, leave is "not to be granted automatically." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (quoting *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990)), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015). A *pro se* complaint shall not be dismissed without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar*, 698 F.3d at 1212 (quoting *Shucker v. Rockwood*, 845 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam

The Court's Order dismissing the initial Complaint provided clear guidance on deficiencies in Plaintiff's pleading and granted her leave to amend. Plaintiff's FAC was not responsive to the Court's Order and did not correct those deficiencies. *See Fidelity Fin. Corp. v. Fed. Home Loan*

*Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint."). The Court also has serious doubts that Plaintiff can amend the FAC to state viable claims against Northwestern. Nevertheless, given the liberal standard for leave to amend *pro se* complaints and in the interest of justice, the Court **GRANTS** Plaintiff leave to amend.

Appreciating the challenges which may come with self-representation, the Court directs Plaintiff to the following resources for guidance:

- General information on how parties may represent themselves in civil cases in the Central District of California can be found at https://prose.cacd.uscourts.gov/.

- Federal Rules of Civil Procedure can be found at https://www.law.cornell.edu/rules/frcp.

- Local Civil Rules for the Central District of California can be found at https://www.cacd.uscourts.gov/court-procedures/local-rules.

- This Court's Civil Standing Order is located at https://www.cacd.uscourts.gov/honorable-monica-ramirez-almadani.

- Public Counsel, a non-profit organization, runs a free Federal *Pro Se* Clinic where *pro se* litigants can get information and guidance. The Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, CA 90012. *Pro se* litigants must call or submit an online application to request services as follows: online applications can be submitted at http://prose.cacd.uscourts.gov/los-angeles, or call (213) 385-2977, ext. 270.

- Public Counsel also has extensive resources for *pro se* litigants at its website located at https://publiccounsel.org/services/federal-court/.

- The LA Law Library, located across the street from the First Street Courthouse at 301 W. First Street, Los Angeles, CA 90012, also has extensive resources for *pro se* litigants. The LA Law Library can be reached via email at reference@lalawlibray.org, or via telephone at (213) 785-2513.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-05494-MRA-MAA | Date | March 12, 2025 |
| Title | Leslie Joy Mintz v. The Northwestern Mutual Life Insurance Company | | |

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion **with leave to amend**. Any amended complaint shall be filed within **21 days** of the date of this Order. Plaintiff shall attach to the amended complaint a redline copy reflecting all additions and deletions of material from the FAC. The amended complaint shall clearly identify the causes of action against Defendant and the facts supporting each of the elements of the cause of action. Any claim not included in a timely-filed amended complaint will be deemed dismissed without leave to amend.

**IT IS SO ORDERED.**

- : -

Initials of Deputy Clerk gga