UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-05494-MRA-MAA | Date | June 13, 2025 |
| Title | *Leslie Joy Mintz v. The Northwestern Mutual Life Insurance Company* | | |

| | |
|---|---|
| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Gabriela Garcia | None Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT WITH PREJUDICE [ECF 70]**

Before the Court is Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (the "Motion"). ECF 70. The Court read and considered the Motion and deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b) (providing that the court may determine motions on the briefs, without an oral hearing); L.R. 7-15 (stating that the court may generally "dispense with oral argument on any motion" unless otherwise required). The June 23, 2025, hearing is therefore vacated and removed from the Court's calendar. For the reasons stated herein, the Court **GRANTS** the Motion.

## I. BACKGROUND[1]

Plaintiff Leslie Joy Mintz ("Plaintiff" or "Mintz") filed this case in Santa Barbara County Superior Court on May 23, 2024. ECF 1-1 (Compl.). Defendant The Northwestern Mutual Life Insurance Company ("Defendant" or "Northwestern Mutual") removed the case to federal court on June 28, 2024. ECF 1 (Compl.). In her initial Complaint, Plaintiff alleged as followed:

Mintz had disability income policies issued by Northwestern Mutual, Policy Nos. D963192 and D817178 (hereinafter, the "DI Policies"). Compl. ¶ BC-1. Northwestern Mutual "began diminishing the monthly amount paid to Plaintiff for two months, beginning February 2022, and then cancelled the disability insurance policy on or about April 4, 2022." *Id.* ¶ BC-2. At the time of cancellation, Mintz was 65 years old. *Id.* ¶ FR-2(b). She "continued to pay the policy premiums to keep her disability insurance polic[ies] in full force and effect." *Id.* ¶ FR-5.

[1] The factual background is described as alleged in Plaintiff's Complaint, First Amended Complaint, and Second Amended Complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-05494-MRA-MAA | Date | June 13, 2025 |
|---|---|---|---|
| Title | *Leslie Joy Mintz v. The Northwestern Mutual Life Insurance Company* | | |

Northwestern Mutual "failed to inform [her] that the disability insurance policy was conditionally renewable to age 75." *Id.* ¶ FR-2. Plaintiff stated that she "met all the conditions known to her at the time" and was "not informed that she needed to work full-time for a period of one year prior to cancellation in order to continue the polic[ies] for 10 years." *Id.* ¶ FR-2(b). As a result of cancellation of the DI Policies, Plaintiff "suffered loss of income, housing, durable goods, and her health worsened considerably." *Id.* ¶ FR-6. On these allegations, Plaintiff's Complaint stated claims for breach of contract and fraud.

On November 18, 2024, the Court granted Defendant's Motion to Dismiss the Complaint without prejudice. ECF 27. The Court held that Plaintiff had not alleged that Northwestern breached the terms of the DI Policies and "[did] not allege the who, what, when were, and how of her fraud claim." *Id.* at 4. On January 7, 2025, Plaintiff filed a First Amended Complaint ("FAC"). ECF 35. On March 12, 2025, the Court granted Defendant's unopposed Motion to Dismiss the FAC, observing that the FAC appears to improperly seek summary judgment and does not identify any causes of action against Defendant or add any new material factual allegations in support of the previously alleged claims. ECF 48 at 2. The Court once more held that "[t]he terms of the DI Policies speak for themselves. Based on Plaintiff's allegations in her Complaint and FAC, it is clear that she received the maximum benefits to which she was entitled under the DI Policies" and that Defendant complied with the policy terms. *Id.* at 4. The Court further held that Plaintiff had not stated a fraud claim because she "d[id] not offer sufficient factual support for her allegations that the DI Policies were the products of forgery, nor does she identify any other factual basis for her fraud claim." *Id.* at 5.

On April 17, 2025, Plaintiff filed the operative Second Amended Complaint ("SAC"), ECF 61, alleging as follows: Between 1993 and 2001, Mintz underwent several medical procedures. *Id.* ¶¶ 5-8. The resulting neurological symptoms were misclassified as psychiatric, which led to Mintz being involuntarily hospitalized. *Id.* ¶ 10. Plaintiff suffered post-traumatic stress disorder and was deprived of meaningful surgical intervention and disability accommodations. *Id.* ¶ 11. At some point, Plaintiff began receiving long-term disability benefits under a policy issued by Northwestern Mutual. *See id.* ¶ 12. Plaintiff was then "fraudulently denied" long-term disability benefits "despite continuous objective medical evidence supporting her claim." *Id.* Northwestern Mutual "falsely represented that Plaintiff received $9,326.80 per month for 28 years" and "engaged in spoliation of records, concealment of evidence, and systemic obstruction of Plaintiff's access to judicial redress." *Id.* ¶¶ 13-14. On these factual allegations, Plaintiff now alleges 10 claims against Northwestern: (1) fraud and intentional misrepresentation, (2) breach of contract and duty of good faith, (3) spoliation of evidence, (4) constructive fraud and breach of fiduciary duty, (5) medical malpractice and failure to treat infection, (6) elder abuse, (7) denial of equal protection and due process, (8) identity theft and unauthorized use of data, (9) legal

malpractice and failure to disclose conflicts, and (10) abandonment of care and psychiatric misclassification. *Id.* at 3.

On May 1, 2025, Defendant filed the instant Motion. ECF 70. Plaintiff did not file an opposition.[2] On June 6, 2025, Defendant filed a Reply, noting that Plaintiff failed to oppose and "has been given every opportunity to state a viable cause of action against Northwestern Mutual, but she has not done so." ECF 73 at 1.

## II. <u>DISCUSSION</u>

### A. Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for failure to state a claim upon which relief can be granted. Dismissal is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (per curiam). This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The court "must accept as true all of the allegations contained in a complaint," but is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A *pro se* pleading, however, shall be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); *cf.* Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice."). The court has an obligation to afford the *pro se* complainant "the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

The Court has twice dismissed Plaintiff's breach of contract and fraud claims against Defendant, and Plaintiff's SAC does not correct any of the deficiencies identified in the Court's prior Orders. If anything, the SAC contains *even fewer* material facts than the prior pleadings. Plaintiff's SAC impermissibly relies on conclusory statements that Defendant "fraudulently

[2] Failure to oppose may be deemed consent to the granting of a motion. L.R. 7-12.

denied" her long-term disability benefits and "falsely represented" the extent of those benefits. These bare assertions fail to plausibly allege that Defendant breached the terms of the DI Policies or committed fraud. The SAC alleges numerous other claims for relief against Defendant, none of which are viable. Plaintiff does not identify any of the elements of these other claims, nor are they supported by any of the allegations in her SAC or prior pleadings. Moreover, it is inconceivable that Defendant, an insurer, can be held liable for denial of equal protection and due process, legal malpractice, "abandonment of care," and "psychiatric misclassification." Even affording Plaintiff the benefit of any doubt, the Court finds that Plaintiff has failed to state any claim against Defendant. Accordingly, the Court **GRANTS** Defendant's Motion.

### B. Leave to Amend

Federal Rule of Civil Procedure 15(a) provides that, once the deadline for leave to amend as a matter of course has expired, a party may amend its pleading only after obtaining leave of the court or by consent of the adverse party. In general, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). A *pro se* complaint shall not be dismissed without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar*, 698 F.3d at 1212 (quoting *Shucker v. Rockwood*, 845 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam)). Here, the Court, having twice granted Plaintiff an opportunity to state a viable claim, now finds it "absolutely clear" that further amendment would be futile and therefore **DENIES** leave to amend.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss the SAC is **GRANTED** without leave to amend. This action is **DISMISSED** with prejudice. The Clerk shall treat this Order as an entry of judgment. L.R. 58-6.

**IT IS SO ORDERED.**

- : -

Initials of Deputy Clerk gga